## New York Marine Court.

*Special Term—March,* 1880.

### HENRY P. LAING *against* JOSEPH BLUMAUER.

Pawnbrokers and other pawnees are not responsible for goods stolen without their fault or neglect.

The plaintiff pledged with the defendant as security for a loan of $50, a gold watch, chain and locket of the value of $250. He subsequently tendered back the money loaned, with interest, and upon the refusal of the defendant to return the property pledged, brought this action to recover its value. The defendant, who is a pawnbroker, pleads in defense that after the pledge, and before the tender and demand, his place of business, without any fault of his, was burglariously entered and the goods pledged by the plaintiff, with other valuable property, feloniously taken away, in consequence of which he was unable to return the property claimed when demanded. The plaintiff moves for judgment on the answer as frivolous.

McAdam, J.—All the law requires of a pawnbroker or other pawnee is that he take the same care of the property intrusted with him that a prudent man exercises over his own (Abbett *v.* Frederick, 56 *How. Pr.* 68). Lord Coke, in his *Institutes*, says : " If the goods be delivered to one as a pledge, and they be stolen, he shall be discharged because he has a special property in them and therefore he ought to keep

them no otherwise than his own" (1 *Inst.* 89 a ; 4 *Rep.* 83 b).   With proper qualifications, this is the law to-day.   The defendant alleges that the loss occurred without any fault or neglect upon his part, by means of a burglary which he could not have foreseen or prevented.   These facts, if proved, constitute a complete defense.   It follows, therefore, that the plaintiff's application must be denied, with $10 costs.

*H. C. Denison*, for the motion.

*H. E. Farnsworth*, opposed.

NOTE.—No appeal was taken.